1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     MATTHEW JOHN VASSEL,                         No.  2:13-cv-02520-KJM-CMK

12                    Plaintiff,

13             v.                                    ORDER

14     CARSON HELICOPTERS, INC., et al.,

15                    Defendants.

16

17             The separate motions to dismiss filed by defendants Levi Phillips and Carson

18     Helicopters, Inc. (collectively "defendants") are currently pending before the court.  The motions

19     were submitted without argument and the court now DENIES the motions.

20     I.      BACKGROUND

21             On December 5, 2013, plaintiff Matthew John Vassel ("plaintiff") initiated this

22     action alleging fraud against defendants Carson Helicopters, Inc. ("Carson"), Carson Helicopter

23     Services, Inc., Steve Metheny and Levi Phillips ("Phillips").  ECF No. 1.

24             Carson was served on January 17, 2014.  ECF No. 5.  Phillips was served on

25     March 5, 2014.  ECF No. 9.  On March 26, 2014, the court granted plaintiff an extension of time

26     /////

27     /////

28     /////

1

1    to serve process on defendant Steve Metheny.[1]  ECF Nos. 11 & 15.  Defendant Steve Metheny

2    was served on April 9, 2014.  ECF No. 16.  Metheny's answer was due on April 30, 2014.  *Id.*

3                On March 25, 2014, Phillips filed a motion to dismiss.  ECF No. 12.  Plaintiff

4    opposed the motion on April 10, 2014 (ECF Nos. 22-24); and Phillips responded thereto on April

5    18, 2014 (ECF No. 26).

6                On March 26, 2014, Carson filed a motion to dismiss.  ECF No. 13.  Plaintiff

7    opposed the motion on April 10, 2014 (ECF Nos. 18-20); and Carson responded thereto on

8    April 18, 2014 (ECF No. 27).

9    II.     ALLEGATIONS OF THE COMPLAINT

10                Plaintiff is a resident of Weaverville, California and was employed by the United

11   States Forest Service ("USFS") for twenty years.  Compl. ¶ 3, ECF No. 1.  At the time the event

12   giving rise to this action occurred, plaintiff was employed with USFS as a Forestry Technician

13   GS-5.  *Id.*  Carson is a Pennsylvania corporation in the business of providing customers with

14   helicopters, including those used to transport firefighting personnel within California.  *Id.* ¶ 4.

15   Defendant Phillips was employed by Carson as the director of maintenance.  *Id.* ¶ 7.

16                Prior to August 2008, defendants bid for and were awarded a contract with USFS

17   for the sale of helicopters to be used for the transportation of firefighters and their equipment.  *Id.*

18   ¶¶ 10 & 15.  "The terms and conditions of the contract entered into between the defendants and

19   the USFS contained precise specifications set forth by the USFS."  *Id.* ¶ 16.  Defendants

20   provided, *inter alia*, "altered/forged specifications" that included the helicopters' empty weight.

21   *Id.* ¶ 17.  Defendants "knowingly and intentionally" submitted the data falsified by defendants so

22   the helicopters would have the appearance of meeting USFS's required specifications.  *Id.* ¶ 18.

23   "[I]t was foreseeable to the defendants that the USFS and its employees would justifiably rely

24   upon" the false specifications "to calculate critical load and lift capacities of the helicopters"

25   "rendering the defendants liable for the subject helicopter crash and the resultant injuries and

26   damages suffered by plaintiff."  *Id.*

27            [1] Defendant Carson Helicopters Services, Inc. was served on January 17, 2014, but has not
     appeared in the action.  ECF No. 5.  According to Carson, this entity no longer exists because it
28   merged into Carson.  ECF No. 13-1 at 2.

1    On August 5, 2008, a helicopter purchased by USFS from defendants was

2   involved in a crash resulting in the death of nine firefighters and injuring several others. *Id.* ¶ 11.

3   Plaintiff's duties at the time of the accident required him to manage the site where the helicopter

4   took off, "to perform preflight safety briefings with the helicopter's passengers[,] . . . oversee the

5   security of [the site,] . . . [and] oversee the manifesting[.]" *Id.* ¶ 23.  "[T]he helicopter's flight

6   crew and the USFS ground crew personnel, including plaintiff, responsible for calculating the

7   safe payload weight of the helicopter did not know that the helicopter's written data provided by

8   the defendants were false" and therefore relied on the specifications during the helicopter loading

9   process. *Id.* ¶¶ 17 & 20.  As a result of the false specifications, the crews miscalculated the

10   carrying weight of the helicopter, and it exceeded its maximum weight capacity, causing it to

11   crash after lifting off.  *Id.* ¶¶ 17 & 21.

12    Plaintiff was within 150 yards of the crash and witnessed the "resultant deaths of

13   the firefighters who were killed in the crash."  *Id.* ¶ 13(a).[2]  Witnessing the crash "caused plaintiff

14   to sustain severe injuries and damages, including, but not limited to, extreme physical and

15   emotional distress and pain and mental anxiety, including, but not limited to, post-traumatic stress

16   syndrome; loss of working capacity; and the loss of his twenty-year career with the USFS and

17   corresponding wages."  *Id.* ¶ 13(b).

18    On December 7, 2010, the National Transportation Safety Board announced the

19   helicopter crash "occurred as a result of fraud and deceit that had been perpetrated by the

20   defendants in order to obtain a contract with the USFS."  *Id.* ¶ 12.  Prior to this determination,

21   however, plaintiff "fell under scrutiny and was made to feel that his job performance had fallen

22   below acceptable levels and may have contributed to the cause of the accident."  *Id.* ¶ 23.  As a

23   result of the "fraudulent and deceitful conduct" of defendants, plaintiff sustained "severe

24   emotional distress," "was forced to undergo medical treatment and expenses," "suffered loss of

25   employment and corresponding loss of wages and loss of working capacity," "has been held up to

26   ridicule and disdain . . . which has caused him to suffer damage to his personal and professional

27

28    [2] Plaintiff's complaint contains two paragraphs identified with the number "13."  The
court designates the first paragraph "13(a)" and the second paragraph "13(b)."

1    reputations and diminished his social standing in his community and in his professional

2    standing." *Id.* ¶¶ 24-27.  Finally, defendants' "fraudulent and deceitful conduct" "subjected

3    plaintiff to cruel and extreme emotional distress upon witnessing the crash of the helicopter and

4    the deaths of the firefighters who were aboard." *Id.* ¶ 28.

5    III.    LEGAL STANDARDS FOR A MOTION TO DISMISS

6            "[F]ederal courts sitting in diversity jurisdiction apply state substantive law and

7    federal procedural law." *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (quoting *Freund v.*

8    *Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (quoting *Gasperini v. Ctr. for*

9    *Humanities, Inc.*, 518 U.S. 415, 427 (1996))).  Because jurisdiction in this case is based on

10   diversity of citizenship, California substantive law applies to plaintiff's state-law claim and

11   federal procedural law governs the procedural aspects of defendants' motions to dismiss.  *Freund*,

12   347 F.3d at 761.

13           Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

14   dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

15   dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

16   under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

17   1990).

18           Although a complaint need contain only "a short and plain statement of the claim

19   showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion

20   to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

21   claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

22   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

23   more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

24   conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting

25   *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

26   for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

27   its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the

28   /////

4

1    interplay between the factual allegations of the complaint and the dispositive issues of law in the

2    action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

3           In making this context-specific evaluation, this court must construe the complaint

4    in the light most favorable to the plaintiff and accept as true the factual allegations of the

5    complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "'a legal

6    conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted*

7    *in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to

8    judicial notice" or to material attached to or incorporated by reference into the complaint.

9    *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).  A court's

10   consideration of documents attached to a complaint or incorporated by reference or matter of

11   judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United*

12   *States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d

13   1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977,

14   980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to

15   dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

16   IV.    ANALYSIS

17          A.      Consideration of Matters Outside the Complaint

18          As an initial matter the court must address whether it may properly consider facts

19   surrounding criminal proceedings against defendants Phillips and Metheny, related to the

20   helicopter crash.  In support of plaintiff's oppositions to Phillips' and Carson's motions to

21   dismiss, plaintiff includes the declaration of one of his attorneys, Troy Douglas Mudford, and

22   attaches thereto the following exhibits: (1) plaintiff's complaint; (2) a press release regarding the

23   indictment of defendants Phillips and Metheny; (3) excerpts from the Federal Grand Jury

24   Indictment of defendants Phillips and Metheny; and (4) excerpts from defendant Phillips' petition

25   to enter a plea of guilty in the criminal matter of defendant Phillips in the District of Oregon.

26   ECF Nos. 21 & 24.  Plaintiff also includes his own declaration summarizing his responsibilities

27   with regard to the helicopter involved in the crash.  ECF Nos. 19 & 23.  Plaintiff did not file a

28   /////

1    request for judicial notice, nor did he set forth any legal argument supporting the court's ability to

2    consider these matters.

3            Phillips opposes consideration of the declarations and exhibits, arguing it is

4    improper to review extrinsic evidence in deciding a 12(b)(6) motion and the documents

5    "contribute nothing to the analysis of the subject of duty or to the propriety of Plaintiff's

6    emotional distress claims." ECF No. 26 at 5-6. Carson does not address the extrinsic evidence

7    question.

8            Under Rule 201 of the Federal Rules of Evidence, a court may, *sua sponte*, take

9    judicial notice of an adjudicative fact, which "must be one not subject to reasonable dispute in

10   that it is either (1) generally known . . . (2) or capable of accurate and ready determination by

11   resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201 (b), (c)(1).

12   While matters of public record are generally subject to judicial notice, *Akhtar v. Mesa*, 698 F.3d

13   1202, 1212 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), it

14   ultimately is a proponent's burden to show facts contained in documents are proper subjects of

15   judicial notice. *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1054–55 (S.D. Cal. 2006).

16           Here, plaintiff provides no argument or legal authority to show the facts contained

17   in a press release and mere excerpts of public records are proper subjects of judicial notice. The

18   court declines to consider the declarations of Mudford and plaintiff.

19       B.      Construction of Plaintiff's Complaint

20           Defendants argue the emotional distress damages plaintiff seeks support a claim

21   for negligent infliction of emotional distress and the court should therefore construe plaintiff's

22   complaint as asserting a claim under this theory rather than fraud and deceit.

23           Phillips argues, "California law does not authorize recovery of the types of

24   damages plaintiff seeks under the circumstances described in his complaint." ECF No. 12-1 at 2.

25   He says plaintiff fails to identify the specific legal duty owed to him by Phillips, instead relying

26   on plaintiff's "status as an eyewitness to the crash as the basis upon which he claims the right to

27   sue," which is not supported by California law. *Id.* at 4-5. Phillips argues he "had no duty under

28   California law to avoid causing emotional distress to witnesses" of the helicopter crash. *Id.* at 5

6

1   (citing *Lawson v. Management Activities*, 69 Cal. App. 4th 652 (1999) (analyzing under what

2   circumstances a plaintiff can recover for emotional distress as part of a claim of negligence)).

3         Similarly, Carson argues, "California law holds that the nature of a cause of action

4   is governed by the kinds of damages allegedly sustained and the relief sought in the complaint,

5   not a plaintiff's characterization of the claimed cause of action." ECF No. 13-1 at 5.  Carson goes

6   on to argue plaintiff's "complaint includes a single cause of action for fraud and deceit but seeks

7   damages not based on fraud, but rather for severe emotional distress." ECF No. 13-1 at 6

8   (citation omitted).  In that regard, Carson posits that negligent infliction of emotional distress

9   cases are generally divided into two categories: "direct victim" claims and "bystander" claims;

10  and concludes plaintiff's complaint fails to state a claim under either category.  *Id.* at 6-10.

11        Plaintiff counters, "[t]his is an action for fraud" and plaintiff "has pled, with

12  particularity, a valid action for the tort of deceit." ECF Nos. 18 & 22 at 1.  Plaintiff further argues

13  "[f]raud is the central issue in this case," and refutes any suggestion he is misleading the court by

14  stating a claim for fraud.  ECF No. 18 at 5.

15        Defendants provide no compelling reason for the court to alter the nature of

16  plaintiff's complaint and substitute a claim different from the one plaintiff says he intends to

17  bring.  In particular, defendants offer no authority, and the court is unaware of any, providing for

18  the recharacterization of a complaint based on the damages alleged.  Rather, the cases on which

19  Carson relies provide at best that a complaint fails under California law if it does not properly

20  allege a causal connection between the alleged misrepresentations and the resulting damages.  *See*

21  *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 202 (2003); *Goehring v. Chapman University*,

22  121 Cal. App. 4th 353, 365 (2004); *Gagne v. Bertran*, 43 Cal. 2d 481, 491-492 (1954).  *Cf.*

23  *Bogovich v. Sandoval*, 189 F.3d 999, 1001–02 (9th Cir. 1999) (reciting well-established principle

24  that "party who brings a suit is master to decide what law he will rely upon.") (alterations and

25  internal quotations omitted) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987)).

26  The court reads plaintiff's complaint as plainly alleging a claim under California's law for fraud

27  and deceit.

28  /////

1    The question thus becomes whether plaintiff can sustain a claim under California

2    law for fraud and deceit considering the allegations set forth in his complaint.  After first

3    reviewing the applicable law, the court finds he can, as explained below.

4            C.      California Law for Fraud and Deceit

5            In California, "[o]ne who practices a deceit with intent to defraud the public, or a

6    particular class of persons, is deemed to have intended to defraud every individual in that class,

7    who is actually misled by the deceit." CAL. CIV. CODE § 1711; *see also* CAL. CIV. CODE § 1709

8    ("One who willfully deceives another with intent to induce him to alter his position to his injury

9    or risk, is liable for any damage which he thereby suffers.").  "The elements of fraud, which give

10   rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or

11   nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

12   reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th

13   631, 638 (1996).

14           While a fraud claim may typically involve the public or a class of persons, *see*,

15   *e.g.*, *Cohen v. Citizens Nat. Trust & Sav. Bank*, 143 Cal. App. 2d 480, 486 (1956), it may also

16   apply to cases involving fraudulent misrepresentations made to individuals, *see Geernaert v.*

17   *Mitchell*, 31 Cal. App. 4th 601, 605 (1995); *Mega Life & Health Ins. Co. v. Superior Court*,

18   172 Cal. App. 4th 1522, 1530 (2009).  In *Geernaert*, the court explained, "[i]t has traditionally

19   been the law in this state that to be liable for actionable fraud the defendant must intend his

20   representation (or concealment) be relied upon by a particular person or persons"; but the same

21   court clarified, "it is also recognized that the defendant will not escape liability if he makes a

22   misrepresentation to one person intending that it be repeated and acted upon by the plaintiff."

23   *Geernaert*, 31 Cal. App. 4th at 605; *see also Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1098 (1993)

24   (citing *Varwig v. Anderson-Behel Porsche/Audi, Inc.*, 74 Cal. App. 3d 578, 581 (1977)); *Shapiro*

25   *v. Sutherland*, 64 Cal. App. 4th 1534, 1548 (1998).  Thus, under *Geernaert*, plaintiff must plead

26   facts demonstrating defendants, as the "maker[s] of the misrepresentation," had "information that

27   would lead a reasonable man to conclude that there is an especial likelihood that it will reach

28   /////

1   [plaintiff] and will influence [his] conduct." *Geernaert*, 31 Cal. App. 4th at 607 (quotations and

2   emphasis omitted).

3          With regard to damages, California law provides: "[f]or the breach of an obligation

4   not arising from contract, the measure of damages, except where otherwise expressly provided by

5   this code, is the amount which will compensate for all the detriment proximately caused thereby,

6   whether it could have been anticipated or not." CAL. CIV. CODE § 3333.  In a claim for fraudulent

7   misrepresentation, damages must result from reliance on the misrepresentation. *Small*, 30 Cal.

8   4th at 202.  In other words, "[i]t must be shown in the pleading that the damage claimed was

9   sustained by reason of the fraud and should show the relation between the fraud and the damage

10  alleged." *Woodson v. Winchester*, 16 Cal. App. 472, 476–77 (1911).

11         Finally, when an entire complaint is grounded in fraud, its allegations must state

12  "with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b); *see also Vess v.*

13  *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (citing *Bly–Magee v. California*,

14  236 F.3d 1014, 1019 (9th Cir. 2001)).  Circumstances that must be stated with particularity

15  pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as

16  well as the identities of the parties to the misrepresentations." *Sanford v. MemberWorks, Inc.*,

17  625 F.3d 550, 558 (9th Cir. 2010) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066

18  (9th Cir. 2004)).  In other words, the pleading must be "'specific enough to give defendants notice

19  of the particular misconduct . . . so that they can defend against the charge and not just deny they

20  have done anything wrong.'" *Id.* (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th

21  Cir. 2009)) (alteration original).

22         D.      Defendant Levi Phillips' Motion to Dismiss

23         Phillips' argument, that plaintiff's allegations fail to establish a duty he owed,

24  assumes plaintiff's claim is construed as one for negligent infliction of emotional distress claim.

25  ECF No. 12-1 at 4-6 (citing *Lawson*, 69 Cal. App. 4th 652).  As explained above, the court rejects

26  this argument.

27         Phillips also argues plaintiff fails to state a claim upon which relief can be granted

28  because plaintiff's emotional distress damages as alleged are insufficient to support a claim for

9

1    fraud in that they do not qualify under either the "bystander" or "direct victim" theories of

2    recovery.  ECF No. 12-1 at 7-8.  Phillips' arguments here as well assume a claim for negligence.

3    Phillips cites no authority finding a claim for fraud fails because the damages claimed are for

4    emotional distress, or holding the "bystander" or "direct victim" theories of recovery apply to

5    fraud and deceit claims.  While damages in many fraud cases relate to property loss they may also

6    be pecuniary, *Mirkin*, 5 Cal. 4th at 1095 (quoting Restatement (Second) of Torts § 533 (1977)),

7    which is a more general form of damage "that can be estimated and monetarily compensated,"

8    BLACK'S LAW DICTIONARY (9th ed. 2009).  The court is unaware of any bar to claiming

9    emotional distress damages in an action for fraud in California.  *Cf. Serv. by Medallion, Inc. v.*

10   *Clorox Co.*, 44 Cal. App. 4th 1807, 1818 (1996) ("Whatever form it takes, the injury or damage

11   must not only be distinctly alleged but its causal connection with the reliance on the

12   representations must be shown.") (internal quotations and citation omitted)).  Plaintiff's claim

13   does not fail because he alleges emotional distress damages.

14             To the extent Phillips challenges the causal connection between plaintiff's alleged

15   reliance on Phillips' misrepresentation and plaintiff's claimed damages, this argument fails.  In a

16   fraud and deceit claim, as noted, California law requires a plaintiff to plead a sufficient

17   connection between the fraud and the damages alleged.  *Woodson*, 16 Cal. App. at 476–77.  Here,

18   plaintiff alleges he relied on Phillips' fraudulent specifications and miscalculated the weight of

19   the helicopter, Compl. ¶ 21; as a result he witnessed the helicopter crash and suffered "extreme

20   physical and emotional distress and pain and mental anxiety, including, but not limited to, post-

21   traumatic stress syndrome; loss of working capacity; and the loss of his twenty-year career with

22   the USFS and corresponding wages," *id.* ¶ 13(b).  Viewed in the light most favorable to plaintiff,

23   as required, the court finds these allegations sufficiently plead the resulting damage element of a

24   fraud and deceit claim, and therefore survive a motion to dismiss.  Whether Phillips' alleged

25   fraudulent specifications in fact caused plaintiff's damages is more appropriately examined

26   through discovery and addressed on summary judgment or at trial.

27             Accordingly, Phillips' motion to dismiss is DENIED.

28   /////

1          E.      Defendant Carson Helicopters, Inc.'s Motion to Dismiss

2                  To the extent Carson also construes plaintiff's claims as one for negligent

3      infliction of emotional distress, ECF No. 13-1 at 6-10, the court declines to consider the

4      argument.

5                  Carson does contend plaintiff fails to "plead that any of the defendants made a

6      misrepresentation directly to him and he has failed to plead that the defendants had the requisite

7      intent to defraud him personally." *Id.* at 11.  Carson argues that, while plaintiff alleges

8      defendants intentionally made false statements to USFS that were relied on by ground crew

9      personnel, he fails to allege Carson provided the false information to plaintiff.  *Id.*  Carson relies

10     on *Walters v. Marler*, 83 Cal. App. 3d 1 (1978), a negligent misrepresentation case, for the

11     proposition that "the requisite 'representation must be made with the intent to induce action by

12     some particular person,'" and there is no liability if others become aware of the statements and act

13     upon them.  *Id.* (quoting *Walters*, 83 Cal. App. 3d at 19).

14                 In reply, plaintiff argues Carson knew USFS employees would rely on its

15     fraudulent specifications and cannot escape liability on the ground plaintiff did not sign the

16     contract for  purchase of the helicopter himself.  ECF No. 18 at 9.  Plaintiff cites to several

17     sections of the complaint in support of his argument that he sufficiently states a claim for fraud.

18     *Id.* at 4 (citing Compl. ¶¶ 17-27).

19                 As noted above, "to be liable for actionable fraud the defendant must intend his

20     representation (or concealment) be relied upon by a particular person or persons." *Geernaert*,

21     31 Cal. App. 4th at 605.  However, a defendant cannot "escape liability if he makes a

22     misrepresentation to one person intending that it be repeated and acted upon by the plaintiff." *Id.*

23     If a defendant makes a fraudulent misrepresentation and "'has reason to expect that its terms will

24     be repeated or its substance communicated to'" another who acts in justifiable reliance upon the

25     misrepresentation, the defendant is subject to liability for pecuniary loss to that person.  *Id.* at

26     605-06 (quoting Restatement (Second) of Torts § 533 (1977)).

27                 Here, plaintiff alleges defendants provided false specifications to USFS, Compl.

28     ¶ 17, and "it was foreseeable to the defendants that the USFS and its employees would justifiably

11

1    rely upon the aforementioned fraudulent and deceitful specifications to calculate critical load and

2    lift capacities of the helicopter," *id.* ¶ 18.  Plaintiff alleges the fraudulent misrepresentation was

3    intentionally made by defendants.  *Id.* ¶ 28.  These allegations are sufficient to plead the intent to

4    defraud element of a fraud and deceit claim.

5              Carson's motion to dismiss is therefore DENIED.

6    V.       CONCLUSION

7              For the foregoing reasons, defendants' motions to dismiss (ECF Nos. 12 & 13) are

8    DENIED.

9    DATED:  May 13, 2014.

10

11   _____
                                    UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28