1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW JOHN VASSEL,                     No.  2:13-CV-02520-KJM-CMK

12              Plaintiff,

13      v.                                     ORDER

14   CARSON HELICOPTERS, INC.;
     STEVE METHENY; and
15   LEVI PHILLIPS,

16              Defendants.

17

18            Before the court is Steve Metheny's ("defendant") motion for an order staying this

19   litigation pending a criminal suit against him in the United States District Court, District of

20   Oregon.  On June 9, 2014, on the court's own motion and pursuant to Local Rule 230(g), the

21   court submitted defendant's motion without oral argument.  All other parties to the litigation have

22   filed statements of non-opposition to defendant's motion.  After considering defendant's

23   argument, the court GRANTS the motion.

24   I.     BACKGROUND

25            On December 5, 2013, Matthew John Vassel ("plaintiff") initiated this action

26   alleging fraud against defendants Carson Helicopters, Inc. ("Carson"), Carson Helicopters

27   Services, Inc., Levi Phillips, and defendant.  ECF No. 1.  Defendant was served on April 9, 2014.

28   ECF No. 16.  Defendant's answer was due on April 30, 2014.  *Id.*

1          On May 29, 2014, plaintiff moved for the Clerk to enter default against all

2    defendants.  ECF No. 31.  Phillips and Carson then filed answers to plaintiff's complaint.  ECF

3    Nos. 32–33.  On May 30, 2014, plaintiff requested to withdraw his request for default as to

4    Carson and Phillips, and the Clerk entered default against defendant.  ECF Nos. 34–35.  On June

5    9, 2014, defendant filed a motion to stay the proceedings pending a criminal suit against him in

6    the United States District Court, District of Oregon (Case # 1:13-cr-00053-PA-1).  ECF No. 38.

7    Defendant argues that his Fifth Amendment rights are implicated in this litigation because the

8    issues underlying this suit and his pending criminal suit are identical; there is a burden on him if

9    the stay is not granted because he will not be able to defend himself in this action; a stay is in the

10   best interest of the court's resources; the delay the stay would incur would not prejudice plaintiff

11   or the other parties; and public interest in due process favors granting the stay.  *Id.*

12         Additionally, plaintiff stipulated the court should set aside the Clerk's entry of

13   default against defendant.  ECF No. 40.  On June 12, 2014, the court set aside the default.  ECF

14   No. 43.  On June 24, 2014, plaintiff voluntarily dismissed his complaint, without prejudice,

15   against Carson Helicopter Services, Inc. pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

16   ECF No. 44.  On June 26, 2014, plaintiff, Phillips and Carson filed statements of non-opposition

17   to defendant's motion.  ECF Nos. 45–47.  Accordingly, no parties to the litigation oppose

18   defendant's motion.  *Id.*  For the reasons set forth below, the court GRANTS defendant's motion.

19   II.      APPLICABLE LEGAL STANDARDS

20         A party has no constitutional right to a stay of civil proceedings during the

21   pendency of a criminal investigation or prosecution, nor does the Constitution protect a party

22   from being forced to choose between the consequences of asserting or waiving his Fifth

23   Amendment rights in the civil proceedings.  *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976);

24   *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("*Molinaro*").  Even

25   so, after considering "the particular circumstances and competing interests involved in the case,"

26   a court has discretion either to stay the entire proceeding or fashion some other, less drastic way

27   to protect a party's Fifth Amendment rights.  *Keating v. Office of Thrift Supervision*, 45 F.3d 322,

28   324 (9th Cir. 1995); *see also eBay, Inc. v. Digital Point Solutions, Inc.*, No. C 08-4052 JF (PVT),

2

1  2010 WL 702463, at \*5 (N.D. Cal. Feb. 10, 2010) (considering plaintiff's proposed alternatives to

2  a stay, but ultimately denying the stay).  "The case for staying civil proceedings is 'a far weaker

3  one' when '[n]o indictment has been returned [, and] no Fifth Amendment privilege is

4  threatened." *Molinaro*, 889 F.2d at 903 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368,

5  1376 (D.C. Cir. 1980)).  As one court has observed, there do not appear to be any cases granting a

6  stay "in the absence of any hint of criminal proceedings . . . ." *KLA-Tencor Corp. v. Murphy*, 717

7  F. Supp. 2d 895, 902 (N.D. Cal. 2010) (rejecting a request for a stay until the expiration of the

8  statute of limitations).

9          In considering whether to stay the proceedings, the court "should consider 'the

10  extent to which the defendant's [F]ifth [A]mendment rights are implicated.'" *Keating,* 45 F.3d at

11  324 (quoting *Molinaro*, 889 F.2d at 902).  In addition, the court should consider the following

12  factors:

13           (1) the interest of the plaintiffs in proceeding expeditiously with
            this litigation or any particular aspect of it, and the potential
14           prejudice to the plaintiffs of a delay; (2) the burden which any
            particular aspect of the proceedings may impose on defendants;
15           (3) the convenience of the court in the management of its cases, and
            the efficient use of judicial resources; (4) the interests of persons
16           not parties to the civil litigation; and (5) the interest of the public in
            the pending civil and criminal litigation.
17

18  *Id*. at 325.

19  III.    ANALYSIS

20          Defendant's Fifth Amendment rights are implicated in this litigation because the

21  claims in this litigation and defendant's pending criminal suit focus on the same issue: whether

22  defendant engaged in fraud.  *See* ECF No. 1 at 4–10; ECF No. 38-3 at 2–4.  *See eBay*, 2010 WL

23  702463, at \*3 ("When simultaneous civil and criminal proceedings involve the same or closely

24  related facts, the Fifth Amendment concerns may be sufficient to warrant a stay.") (internal

25  quotation and citation omitted).  Additionally, the criminal indictment against defendant is set and

26  trial is scheduled; this is not a case where it is only possible that a criminal action may be brought

27  against defendant.  *See* ECF No. 38-2 at 4.  Therefore, defendant would be unable to defend

28

3

1   himself in this litigation if the court were to deny his motion lest he risk incriminating himself in

2   his pending criminal suit.  *But see Keating*, 45 F.3d at 325 (affirming an administrative law

3   judge's ruling denying staying a civil proceeding in part because there was a lack of overlap

4   between the issues of the civil and criminal proceedings, and the defendant had not needed to

5   invoke the Fifth Amendment).

6           Secondly, in filing statements of non-opposition to defendant's motion, plaintiff,

7   Philips and Carson have indicated their interests will not be unduly burdened if the court stays

8   these proceedings.  *See* ECF Nos. 45–46, 48.  Defendant's pending criminal suit is scheduled for

9   trial less than two months from now.  *See* ECF No. 38-2 at 4.  Therefore the delay that will result

10  from granting defendant's motion will not burden the other parities' interests "in proceeding

11  expeditiously with this litigation."  *Id.  But see Molinaro*, 889 F.2d at 908  (upholding a district

12  court's denial of a defendant's motion to stay civil proceedings where the plaintiff's interest in

13  expeditious litigation would have been burdened because the defendant would have had an

14  opportunity to hide assets plaintiff would have otherwise recovered).

15          Thirdly, staying the proceedings will result in an efficient use of the court's

16  judicial resources.  The criminal action pending in the District Court of Oregon will likely resolve

17  the issue, subject to a higher standard, that is the crux of plaintiff's action here: whether defendant

18  engaged in fraud.  Therefore, granting defendant's motion only has the potential to serve judicial

19  efficiency.  *See S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (noting

20  collateral estoppel based on findings in a criminal case may expedite resolution of a civil case

21  whose claims turn on the same underlying issues); *Douglas v. United States*, NO. C 03-04518

22  JW, 2006 WL 2038375, at *5 (N.D. Cal. July 17, 2006) ("Allowing the criminal action to proceed

23  first may narrow the issues and streamline discovery in the civil proceeding.").

24          Finally, because no parties have "presented any evidence or compelling

25  arguments" on the factors regarding the potential burden to interests the public or non-parties

26  might have in this litigation, these factors are "neutral on the question of the stay."  *Grimes v.*

27  *Knife River Const.*, CIV. S-13-02225 KJM, 2014 WL 1883812, at *1, 5 (E.D. Cal. May 12,

28  2014).  Accordingly, a majority of the *Keating* factors favor granting a stay here.

1    IV.    CONCLUSION

2              IT IS HEREBY ORDERED that:

3              1. Defendant's motion to stay the action pending resolution of the criminal suit

4    against him in the District Court of Oregon is GRANTED;

5              2. This case is STAYED; and

6              3. Plaintiff is directed to file a status report within thirty days of the date of this

7    order, reporting on the progress of the Oregon prosecution and every thirty days thereafter until

8    the criminal case is concluded.

9    DATED:  October 28, 2014.

10

11    _____
      UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28